UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:15-cv-00755-CAS(JCx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | ABUNDANCIA, LLC V. R.D.T. BUSINESS ENTERPRISES, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS): DEFENDANTS' MOTION TO TRANSFER (Dkt. 19, filed April 14, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing currently scheduled for June 8, 2015 is hereby vacated, and the matter is taken under submission.

## I. INTRODUCTION & BACKGROUND

On February 2, 2015, plaintiff Abundancia, LLC ("Abundancia") filed this action against defendants R.D.T. Business Enterprises, Inc., dba Synergy Labs, ("RDT"), Synergy Labs, LLC ("Synergy"), Synergy Labs, Inc. ("Synergy Labs"), Richard Ticktin, and Does 1 through 25 (collectively, "defendants"). Dkt. 1. The complaint asserts the following claims: (1) "breach of federal trademark"; (2) unfair competition by infringement of common law trademark rights; (3) violation of the Lanham Act, 15 U.S.C. § 1051, et seq, by use of false designation in interstate commerce; (4) breach of contract; (5) *indebitatus assumpsit*; and (6) accounting. Id. In turn, defendants filed the following counterclaims against Abundancia on April 14, 2015: (1) breach of contract; (2) fraudulent inducement; and (3) breach of the implied covenant of good faith and fair dealing. Dkt. 18.

Plaintiff Abundancia, a California limited liability company, is an authorized licensee of the "Dog Whisperer" trademark and the "Cesar Millan" identification, which are used in connection with the marketing and sale of dog shampoos and other pet products. Compl. ¶ 5. Defendants Synergy, Synergy Labs, and RDT are Florida corporations; defendant Ticktin serves as Manager of Synergy, President of Synergy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00755-CAS(JCx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | ABUNDANCIA, LLC V. R.D.T. BUSINESS ENTERPRISES, INC. ET AL. | | |

Labs, and CEO of RDT. Id. ¶¶ 6-8. In April 2011, Abundancia entered into a written licensing agreement (the "Agreement") with defendant RDT, through which RDT was granted the right to use the Dog Whisperer mark and Cesar Millan identification in connection with the sale of certain products. Id. ¶ 40. In brief, plaintiff alleges that defendants breached the Agreement by failing to pay plaintiff mandatory royalties.

On April 14, 2015, defendants filed the instant motion to transfer venue to the Southern District of Florida based upon the doctrine of *forum non conveniens*. Dkt. 19. Plaintiff opposed the motion on May 15, 2015, dkt. 26, and defendants replied on May 26, 2015, dkt. 27. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

In deciding a motion to transfer brought pursuant to 28 U.S.C. § 1404(a), the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal.1981).[1]

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29–30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir.2000). Other factors that can be

---

[1] "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer. . . . [B]oth § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard . . . ." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex., 134 S. Ct. 568, 580 (2013)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00755-CAS(JCx) | Date | June 3, 2015 |
| Title | ABUNDANCIA, LLC V. R.D.T. BUSINESS ENTERPRISES, INC. ET AL. | | |

considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1] [c] (3d ed.1997).

Generally, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 WL 4568799 (C.D. Cal. 2006).

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278–79 (9th Cir.1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir.1988).

## III. DISCUSSION

Defendants contend that transfer is warranted because the underlying Agreement was negotiated and finalized in the State of Florida, and all of defendants' sources of proof, employees, and unidentified witnesses are located in that state. Mot. Transfer at 2. In opposition, Abundancia asserts that the Agreement contains a valid forum selection clause, which, standing alone, counsels strongly against transfer. Opp'n Mot. Transfer at 5-8. Notwithstanding the forum selection clause, Abundancia argues that defendants have not carried their burden to demonstrate that the convenience factors favor transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00755-CAS(JCx) | Date | June 3, 2015 |
| Title | ABUNDANCIA, LLC V. R.D.T. BUSINESS ENTERPRISES, INC. ET AL. | | |

Id. at 9-13.[2]  In their reply, defendants challenge plaintiff's construction of the forum selection clause.  See generally Reply Mot. Transfer.

### A. The Forum Selection Clause

The Agreement contains the following forum selection clause:

> Governing Law/Jurisdiction. This Agreement shall be construed in accordance with the laws of the United States of America and the State of California, without regard to its conflict of laws principles. The Parties agree to waive any jurisdictional or venue defenses available to them.

Compl., Ex. A at 16.  Plaintiff contends that this language constitutes "an express venue or forum-selection clause, mandating that any lawsuit filed arising out of the contract be heard in California."  Opp'n Mot. Transfer at 5.

Under Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex., 134 S. Ct. 568 (2013), where the parties have agreed to a forum-selection clause, "they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."  Id. at 582.  As a result, "a district court may consider arguments about public-interest factors only . . . [and] the practical result is that forum-selection clauses should control except in unusual cases."  Id.  Plaintiff contends that such is the case here.

---

[2] Plaintiff also requests that the Court deny the instant motion due to defendants' noncompliance with Local Rule 7-3, as well as defendants' alleged failure to specify the court to which they seek to transfer this action.  The Court declines to deny defendants' motion on procedural grounds.  Moreover, although defendants' motion is technically styled as a request to transfer "to the State of Florida," it is clear from defendants' moving papers that they seek to transfer the case to the United States District Court for the Southern District of Florida.  The parties, however, are admonished to comply with the local rules going forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00755-CAS(JCx) | Date | June 3, 2015 |
| Title | ABUNDANCIA, LLC V. R.D.T. BUSINESS ENTERPRISES, INC. ET AL. | | |

Defendants, however, assert that the forum selection clause contains permissive, rather than mandatory, language, and thus the rule announced in Atlantic Marine does not alter the traditional transfer analysis. "A valid forum-selection clause can . . . be challenged on the ground that it is merely permissive, rather than mandatory." BRC Grp., LLC v. Quepasa Corp., 2009 WL 2424669, at *3 (N.D. Cal. Aug. 7, 2009). "The express language of a forum-selection clause may render it mandatory in one of two ways: (1) where it clearly designates a forum as the exclusive one, or (2) where it specifies venue in addition to jurisdiction." Id. (citing Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Col, 69 F.3d 1034, 1037 (9th Cir 1995)).

In Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75 (9th Cir. 1987), the Ninth Circuit construed the following forum-selection clause as permissive:

> the Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract. The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract.

Id. at 76. In so doing, the court distinguished the foregoing permissive forum selection clause from the mandatory forum selection clause at issue in Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273 (9th Cir.1984). In Pelleport, the forum selection clause provided: "[A]ny and all disputes arising out of or in connection with this Agreement shall be litigated *only* in the Superior Court for Los Angeles, California (*and in no other*), and Exhibitor hereby consents to the jurisdiction of said court." Hunt Wesson, 817 F.2d at 77 (citing Pelleport, 741 F.2d at 275 (emphasis in original)). As the Hunt Wesson court explained, the Pelleport language "mandates more than that a particular court has jurisdiction. The language mandates that the designated courts are the *only* ones which have jurisdiction." Id. at 77-78 (emphasis added). In contrast, the Hunt Wesson clause "clearly f[ell] short of designating an exclusive forum." Id.

The instant forum selection likewise falls short of designating California as the exclusive forum. Although the clause plainly calls for the application of California law, it does not contain any language—let alone exclusive language—indicating that the parties agreed to the application of California law exclusively in federal courts sitting in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00755-CAS(JCx) | Date | June 3, 2015 |
| Title | ABUNDANCIA, LLC V. R.D.T. BUSINESS ENTERPRISES, INC. ET AL. | | |

California. Indeed, the clause omits a phrase requiring that the parties submit to jurisdiction in California or elsewhere. Moreover, even if the instant clause contained such a phrase, it would nonetheless remain permissive.

The case of BrowserCam Inc. v. Gomez, Inc., 2008 WL 4408053 (N.D. Cal. Sept. 26, 2008) is instructive. There, the court construed the following forum selection clause:

> Any claim arising under or relating to this Agreement shall be governed by the internal substantive laws of the Commonwealth of Massachusetts without regard to principles of conflict of laws. Each party hereby agrees to jurisdiction and venue in the courts of the City of New York or the federal courts sitting therein, for all disputes and litigation arising under or relating to this Agreement, and each party waives and agrees not to assert any defenses or claims relating to improper venue, *forum non conveniens,* or similar defenses or claims, relating to this Agreement.

Id. at *1 (emphasis added). Unlike the instant forum selection clause, the BrowserCam clause expressly provided that the parties agreed to "jurisdiction and venue" in New York. Nonetheless, the BrowserCam court concluded that the clause was permissive, since it "contained no language that expressly designated New York as the exclusive venue." Id. at *2. Because the instant forum selection clause likewise omits such exclusive language, the clause is permissive and does not alter or otherwise inform the traditional transfer analysis.

### B.  Convenience of the Parties, Convenience of Witnesses, and the Interests of Justice

As stated above, the party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n, 611 F.2d at 278–79 (holding that "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").

Here, defendants have fallen far short of the "strong showing" required to upset plaintiff's chosen forum. In support of their motion, defendants rely exclusively on the conclusory declaration of Richard Ticktin. Ticktin states that "[t]he majority of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00755-CAS(JCx) | Date | June 3, 2015 |
| Title | ABUNDANCIA, LLC V. R.D.T. BUSINESS ENTERPRISES, INC. ET AL. | | |

potential witnesses for the Defendants are located in Florida," Ticktin Decl. ¶ 6, and avers that "[i]t would cause a great expense and would be unduly burdensome for . . . Defendants, and all of the employees and witnesses of the Defendants to travel . . . [to] California," id. ¶ 11. Such vague and conclusory assertions concerning the convenience of witnesses, which "is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)," Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009), do not suffice. Indeed, absent information regarding "not only the number of witnesses, but also the nature and quality of their testimony," id. (quoting Catch Curve, Inc. v. Venali, Inc., 2006 WL 4568799, at *3 (C.D. Cal. Feb. 27, 2006)), the Court cannot engage in the requisite balancing analysis, let alone conclude that this analysis merits transfer.

Because defendants have not carried their burden to demonstrate the propriety of transfer, the Court DENIES defendants' motion accordingly.

## IV.     CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motion to transfer this action to the Southern District of Florida.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |